**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**JENNIFER LIN,**

          **Plaintiff,**

      v.

**HR MANAGEMENT GROUP, INC. d/b/a**
**VERTEX HOSPITALITY GROUP, and KPOT**
**WESTBURY LLC,**

          **Defendants.**
-----------------------------------------------------------x

**CASE NO.: 2:25-cv-3886**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Jennifer Lin alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under Section 1981. This Court has supplemental jurisdiction over the New York law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant HR Management Group, Inc. d/b/a Vertex Hospitality Group is a New York corporation. Vertex Hospitality Group ("Vertex") manages and supports KPOT Hot Pot & Korean BBQ restaurants nationwide.

1

5.      Vertex makes important hiring and firing decisions, as well as other key decisions regarding the management of KPOT restaurants. For example, Vertex dealt with human resources at the Westbury KPOT Location at which Plaintiff worked. Plaintiff communicated with Vertex directly with respect to personnel issues. Further, Vertex terminated Plaintiff's employment with KPOT.

6.      Defendant KPOT Westbury, LLC ("KPOT") is a New York corporation that owns and operates the KPOT Hot Pot & Korean BBQ franchise location in Westbury, NY.

7.      Plaintiff Jennifer Lin ("Plaintiff") worked for Defendants as a server from January 2025 until April of 2025. Plaintiff is Chinese American and a resident of Nassau County, New York.

## FACTS

8.      Plaintiff joined KPOT as a server in January 2025.

9.      While working for KPOT, Plaintiff was supervised by Shift Manager Mike Yi. Mr. Yi is Korean American.

10.      Throughout Plaintiff's employment at KPOT, Mr. Yi treated Plaintiff, and the other Chinese servers, less favorably than he treated the non-Chinese servers.

11.      Mr. Yi also spoke about female servers in highly offensive and disparaging terms, often referring to female servers as "that bitch."

12.      In or about March 2025, Mr. Yi was standing in the soda station area of the restaurant with a male waiter and Plaintiff. Mr. Yi and the male waiter were talking and Plaintiff casually joined the conversation. The moment Plaintiff spoke, Mr. Yi said, "Do you hear anyone talking right now? Because I thought the men were talking."

13.    Plaintiff felt humiliated by Mr. Yi's belittling and sexist comment directed toward her in front of her male colleague.

14.    On another occasion, Mr. Yi commented that the female servers could not handle as many tables as the male servers because they are women, and short and small.

15.    When Mr. Yi was on duty during Plaintiff's shifts, Plaintiff did in fact receive fewer tables than her male counterparts.

16.    Although Plaintiff was very successful with her customers, Mr. Yi would second guess Plaintiff's decisions with respect to her customers.

17.    For example, when Plaintiff needed Mr. Yi to approve a discount or complimentary items that Plaintiff provided for a customer, Mr. Yi would not believe Plaintiff's account of the situation. He would take Plaintiff's tablet, used for taking orders, approach the table and force the customers to reiterate what had happened in front of Plaintiff.

18.    Mr. Yi did not do this to the male or non-Chinese servers.

19.    Mr. Yi also instructed the host working during Plaintiff's shifts not to seat people at Plaintiff's tables, saying that her English is not good. Upon information and belief, Mr. Yi made this comment based on his belief that Plaintiff is a Chinese immigrant, even though she is Chinese American.

20.    On April 28, 2025, Plaintiff submitted a formal complaint about Mr. Yi's discriminatory behavior through Defendants' website.

21.    On April 30, 2025, Plaintiff also emailed her complaint directly to Defendants' human resources department ("HR") on March 30, 2025. Plaintiff addressed this email to Michael Lee in HR.

22.    The next time Plaintiff came to work after submitting her complaint, KPOT owner Marco Shih hounded her throughout her shift, criticizing every detail of her work.

23.    That evening, Mr. Yi instructed a busser to clear one of Plaintiff's tables while her customers were still eating. Concerned about this poor customer service, Plaintiff asked Mr. Shih why Mr. Yi had sent a busser and disrupted her customers.

24.    In response, and disproportionately annoyed, Mr. Shih yelled at Plaintiff, saying "Do you think the way you're talking to me is okay? You need to apologize to me!" Mr. Shih's tone was aggressive and highly condescending.

25.    Throughout the rest of Plaintiff's shift, she noticed Mr. Shih glaring at her and watching her every move.

26.    The following day, when Plaintiff arrived at work, Mr. Lee from HR terminated Plaintiff's employment.

27.    As a result of KPOT's intentional and retaliatory conduct, Plaintiff has suffered emotional distress, monetary and non-monetary damages.

**FIRST CLAIM FOR RELIEF**
**Section 1981 ("Section 1981") – Race Discrimination**

28.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

29.    In violation of Section 1981, Defendants discriminated against Plaintiff on the basis of her being a person of Chinese descent.

30.    As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income and employment benefits.

31.    As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputations, lasting embarrassment, humiliation, and anguish.

32.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to backpay, lost employment benefits, and damages for emotional distress, as well as front pay, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### Section 1981 – Retaliation

33.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

34.    In violation of Section 1981, Defendants retaliated against Plaintiff for complaining about discriminatory treatment.

35.    Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected rights.

36.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover compensatory damages, including but not limited to damages for economic loss and emotional distress; punitive damages; attorneys' fees and costs; and such other and further legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.* - Discrimination)

37.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

38.     In violation of the NYSHRL, Defendants intentionally discriminated against Plaintiff on the basis of her gender and Chinese ethnicity.

39.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered monetary and non-monetary damages, including but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

40.     Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected rights.

41.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for economic loss and emotional distress; punitive damages; attorneys' fees and costs; and such other and further legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(New York State Human Rights Law ("NYSHRL"),**
**N.Y. Exec. Law §§ 290 *et seq.* - Retaliation)**

42.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

43.     In violation of the NYSHRL, Defendants retaliated against Plaintiff for opposing and complaining about discrimination.

44.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered monetary and non-monetary damages, including but not limited to emotional distress,

physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

45.    Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected rights.

46.    As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for economic loss and emotional distress; punitive damages; attorneys' fees and costs; and such other and further legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A.    An award of damages, according to proof, including compensatory damages and punitive damages, to be paid by Defendants;

B.    Penalties available under applicable laws;

C.    Costs of action incurred herein, including expert fees;

D.    Attorneys' fees;

E.    Pre-judgment and post-judgment interest, as provided by law; and

F.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        July 11, 2025

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/D. Maimon Kirschenbaum
    D. Maimon Kirschenbaum
    Leah Seliger
    32 Broadway, Suite 601
    New York, NY 10004
    Tel: (212) 688-5640
    Fax: (212) 688-2548

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

8